# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ZEESHAN LALANI, ZUBEDA LALANI, and RAMZANALI LALANI,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, and JUSTYN TERRILL THOMAS, as an employee of the UNITED STATES POSTAL SERVICE,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.:<br>)  _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DAMAGES

COME NOW Zeeshan Lalani, Zubeda Lalani and Ramzanali Lalani, Plaintiffs in the above styled matter, and hereby file their Complaint for Damages. Plaintiffs respectfully show as follows:

This matter arises under the Federal Tort Claims Act and is the result of an automobile accident caused by the negligence of the United States Postal Service and its employee.

## PARTIES

1.

Plaintiff Zeeshan Lalani is a male citizen of the United States and a resident of Gwinnett County, Georgia.

1

2.

Plaintiff Zubeda Lalani is a citizen of the United States and a resident of Gwinnett County, Georgia.

3.

Plaintiff Ramzanali Lalani is a citizen of the United States and a resident of Gwinnett County, Georgia.

4.

Defendant the United States Postal Service (hereinafter "USPS") is an entity subject to suit pursuant to the Federal Tort Claims Act and 39 U.S.C. §409. The USPS may be served service of the summons and Complaint through the following individuals through registered or certified mail as required by FRCP 4(i)(2):

A. Kurt R. Erskine, Esq., U.S. Attorney for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W., Suite 600, Atlanta, Georgia 30303-3309;

B. Merrick Garland, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001; and

C. Lous DeJoy, Postmaster General of the United States, 475 L'Enfant Plaza, S.W., Washington, D.C. 20260.

5.

Defendant Justyn Terrill Thomas, at the time of the motor vehicle accident, was an employee of the USPS. Defendant Thomas may be served pursuant to FRCP 4(i)(2). Defendant Thomas is a citizen of the United States and a resident of the State of Georgia. Defendant Thomas may be served at his residence – 1525 Station Center Blvd., #626, Suwanee, Georgia 30024.

## **JURISDICTION**

6.

This action arises under the Federal Tort Claims Act, 28 U.S.C. §2674, for personal injuries sustained in a motor vehicle accident where the liable party was a postal delivery driver operating an USPS vehicle at the time of the accident.

7.

This Court has original jurisdiction over claims against the USPS pursuant to 39 U.S.C. §409(a).

8.

Venue is proper in this Court as the circumstances, acts and events which give rise to Plaintiffs' claims occurred within the Northern District of Georgia, Atlanta Division. 39 U.S.C. §409(b); 28 U.S.C. §1391(b)(2).

## ADMINISTRATIVE PROCEDURES

9.

Plaintiffs have fulfilled all conditions necessary to proceed with this cause of action by timely filing administrative claims with USPS regarding the specific allegations and damages detailed herein. On December 20, 2021, the USPS issued "Right to Sue" correspondence and its final action notice. *See* Correspondence dated December 20, 2021, attached hereto as Exhibit A.

10.

Pursuant to 28 U.S.C. §2401(b) Plaintiffs have fulfilled all pre-suit administrative requirements, have timely file suit, and may proceed with this litigation against USPS.

## FACTS

11.

On August 29, 2018, Plaintiffs were traveling in Zeehan Lalani's vehicle south bound on Old Atlanta Road in Forsyth County, Georgia.

12.

Plaintiffs were traveling in their lawful lane, obeying the speed limit, and observing all applicable laws for the operation their vehicle.

13.

At the time of the accident, Defendant Thomas was operating a USPS Grumman vehicle (VIN: 1GBBS10E3K2306674) and was engaged in his day-to-day duties as an employee of the USPS.

14.

Defendant Thomas was at a stop sign on Granite Bridge Crossing waiting to turn left on to north bound Old Atlanta Road.

15.

Defendant Thomas proceeded to turn left from Granite Bridge Crossing and in the process collided with the approaching vehicle driven by Plaintiff Zeehan Lalani and in which the other Plaintiffs were passengers.

16.

Through the negligent operation of his USPS vehicle, Defendant Thomas caused the accident described herein and was issued a traffic citation for failure to yield pursuant to O.C.G.A. §40-6-71.

17.

Due to the sudden and dangerous conduct of Defendant Thomas, Plaintiff Zeehan Lalani had no time to apply the brakes or avoid the violent collision.

18.

Plaintiffs were transported by ambulance to the emergency room at Emory Johns Creek for treatment and observation due to the injuries received in the motor vehicle accident.

19.

Plaintiff Zubeda Lalani suffered a fractured wrist which requires surgery in addition to other injuries related to the motor vehicle accident caused by Defendant Thomas.

20.

Plaintiff Ramzanali Lalani suffered a cervical herniated disk in his neck; however, due to complications from a Parkinson's diagnosis he cannot have surgery and is forced to live everyday in severe pain.

21.

Plaintiff Zeehan Lalani suffered various soft tissue injuries which resulted in pain and difficulty moving about and caring for his elderly parents (Plaintiffs Zubeda and Ramzanali Lalani).

22.

Plaintiff Zubeda Lalani has incurred approximately $80,240.00 in medical costs and other special damages as a direct and proximate cause of Defendant Thomas's negligence.

23.

Plaintiff Ramzanali Lalani has incurred approximately $60,500.00 in medical costs and other special damages as a direct and proximate cause of Defendant Thomas's negligence.

24.

Plaintiff Zeehan Lalani has incurred approximately $13,755.00 in medical costs and other special damages as a direct and proximate cause of Defendant Thomas's negligence. Additionally, Plaintiff Zeehan Lalani's vehicle was totaled, and special damages associated with property damage to his vehicle total over $21,513.00.

25.

Plaintiffs Zubeda and Ramzanali Lalani continue to suffer from their injuries and require continued and future medical care as a direct and proximate cause of Defendant Thomas's negligence.

## COUNT I.

## NEGLIGENCE

26.

Plaintiffs incorporate each and every paragraph above as if fully stated herein.

27.

The Defendants are subject to suit for their negligence and Defendant Thomas's negligent operation of his vehicle in directly and proximately causing the injuries to Plaintiffs on August 29, 2018.

28.

28 U.S.C. §2401, et seq., the Federal Tort Claims Act, and 39 U.S.C. §409 specifically provide for this negligence claim against the USPS and its employee – Defendant Thomas.

29.

The Defendants owed Plaintiffs a duty to safely operate their motor vehicle in accordance with the traffic laws and rules of the State of Georgia. Defendants breach the duty owed to Plaintiffs when Defendant Thomas abruptly pulled out in front of Plaintiff's vehicle.

30.

As a result of his failure to yield to the Plaintiffs, who had the right of way, Defendant Thomas was issued a motor vehicle citation.

31.

As a direct and proximately result of the Defendants' negligence, and through no fault of their own, Plaintiffs have suffered significant physical injuries and incurred damages as follows:

Zubeda Lalani: $80,240.00

Ramzanali Lalani: $60,500.00

Zeehan Lalani: $35,268.00

32.

Plaintiffs are also entitled to compensatory damages for pain and suffering associated with the injuries directly and proximately caused by the Defendants' negligence in an amount to be determined by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

(1) Special damages for their injuries and medical costs caused by the Defendants' negligence;

(2) Compensatory damages based on the Defendants' negligence for pain and suffering;

(3) Special damages and/or liquidated damages for lost wages and prejudgment interest thereon;

(4) Reasonable attorney's fees and expenses of litigation;

(5) Prejudgment interest at the rate allowed by law; and,

(6) All other relief to which they may be entitled by law.

## A TRIAL BY JURY OF TWELVE IS DEMANDED.

Respectfully submitted this the 11th day of April 2022.

                                      HAYLE HOFFECKER PEACOCK, LLC

                                      /S/ CHARLES HOFFECKER
                                    Charles Hoffecker
                                    Georgia Bar No.: 359615
                                    Attorney for Plaintiffs

1201 Peachtree Street, NE
Suite 2000
Atlanta, Georgia 30361
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
chad@hhpatlanta.com

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES
POSTAL SERVICE

**CERTIFIED NO. 7020 3160 0001 3688 1127**
**RETURN RECEIPT REQUESTED**

December 20, 2021

Ms. Sabina Karim
Attorney at Law
PO Box 53
Sugar Land, TX 77487

Re:   Your Clients:       Zeeshan Lalani, Ramzanali Lalani, & Zubeda Lalani
      Date of Incident:   August 26, 2018
      NTC Claim Nos.:     NT202051596, NT202051597, NT202051598

Dear Ms. Karim:

This is in reference to the administrative claims your firm filed on behalf of your above-referenced clients under the provisions of the Federal Tort Claims Act as a result of injuries and damages allegedly sustained on August 26, 2018.

In considering this claim, we evaluated the information available to us regarding your clients' alleged damages. However, the amount of money you are demanding far exceeds the reasonable settlement values of these matters. Accordingly, the above-referenced administrative claims are denied on the grounds that we were not able to reach a mutually satisfactory settlement.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. §

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO  63155-9948
TEL: 314/345-5820
FAX: 314/345-5893

Exhibit A

2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

*Brittany Lindsay*

Brittany Lindsay
Tort Claim Examiner/Adjudicator

cc:  Lillian Marshall
     Tort Claims Coordinator
     File No. 300-18-00418877A/B/C